**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| QUANDA GREEN<br>101 Washington Lane<br>Jenkintown, PA 19046<br><br>Plaintiff,<br><br>v.<br><br>THE MAGEE MEMORIAL HOSPITAL<br>FOR CONVALESCENTS d/b/a<br>MAGEE REHABILITATION HOSPITAL<br>1513 Race Street<br>Philadelphia, PA 19102<br>and<br>THOMAS JEFFERSON UNIVERSITY<br>111 S. 11th Street<br>Philadelphia, PA 19107<br><br>Defendants. | CIVIL ACTION<br><br>CASE NO.:<br><br>**JURY TRIAL DEMANDED** |

**FIRST AMENDED COMPLAINT**

Ms. Quanda Green ("Plaintiff," or "Ms. Green,") by and through her undersigned counsel, hereby avers as follows:

**INTRODUCTION**

1. Ms. Green has initiated this action to redress violations by The Magee Memorial Hospital for Convalescents d/b/a Magee Rehabilitation Hospital and Thomas Jefferson University (collectively "Defendants") of the Americans with Disabilities Act, as amended ("ADA" - 42 U.S.C. §§ 12101 et seq.); the Family and Medical Leave Act ("FMLA" - 29 U.S.C. §§ 2601 et seq.); the Pennsylvania Human Relations Act ("PHRA" - 43 P.S. Section 951 et seq.); and the

Philadelphia Fair Practices Ordinance ("PFPO" - Chapter 9-1100 et seq. of the Philadelphia Code).[1]

2. Ms. Green alleges, *inter alia*, that she made repeated complaints about disparate treatment and harassment based on her disabilities and use of FMLA. Defendants then terminated Ms. Green due to her supervisor's open animus towards her disabilities and need for leave and other accommodations.

3. As a direct consequence of Defendants' unlawful actions, Ms. Green seeks damages as set forth herein.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws. This Court has supplemental jurisdiction over Plaintiff's state law claim(s) because such claim(s) arise out of the same common nucleus of operative facts as her federal claims asserted herein.

5. This Court may properly assert personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

6. Pursuant to 28 U.S.C. § 1391(b)(1)-(2), venue is properly laid in this district because the events giving rise to this lawsuit occurred here and Defendants are deemed to reside

[1] Plaintiff intends to amend her instant lawsuit to include claims under the PHRA and PFPO on or about April 10, 2027, once her administrative remedies are fully exhausted with the appropriate administrative agency. Plaintiff dual-filed her Charge of Discrimination on April 10, 2026. Any claims under the PHRA/PFPO would mirror the instant ADA claims identically.

where they are subject to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

7. Ms. Green filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed the Charge with the Pennsylvania Human Relations Commission ("PHRC") and Philadelphia Commission on Human Relations ("PCHR").

8. Ms. Green has properly exhausted her administrative remedies before initiating this action by timely filing and dual-filing her Charge with the EEOC and PHRC/PCHR, and by filing the instant lawsuit within 90 days of receiving the EEOC's Right-to-Sue letter.

## PARTIES

9. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10. Ms. Green is an adult individual, with an address as set forth in the caption.

11. The Magee Memorial Hospital for Convalescents d/b/a Magee Rehabilitation Hospital is a Pennsylvania non-profit entity with a principal place of business as set forth in the caption where it employed Plaintiff.

12. Defendant Thomas Jefferson University (also d/b/a Jefferson Health Corporation, and Thomas Jefferson University Hospitals), owns and operates the Magee Rehabilitation Hospital.

13. Due to overlapping resources, management, advertisement, controls, benefits, directives, and other (joint and integrated) management structures, Defendants are properly single, joint and/or integrated employers for all purposes in this lawsuit.

14. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

15. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

16. On or about March 18, 2022, Defendants hired Ms. Green as an Environmental Services Associate ("ESA") and employed her in that capacity until unlawfully terminating her on or about February 13, 2026, as discussed herein.

17. As an ESA, Ms. Green was generally responsible for cleaning assigned areas, including patient rooms.

18. Defendants' Environmental Services Director Delwana Simpson ("Simpson") supervised Ms. Green throughout her employment and leading up to her eventual termination.

19. Ms. Green suffers from various ADA qualifying disabilities and serious medical conditions such as, without limitation, hypertension, arthritis, and severe back and knee conditions (among other symptoms and complications).

20. These aforementioned disabilities, at times, substantially limit Ms. Green in the performance of major life activities such as standing for long periods of time, managing her cardiovascular activity, and lifting heavy items.

21. Despite her aforementioned disabilities, Ms. Green worked extremely hard and performed her job well and with dedication. However, Ms. Green (at times) requested and utilized reasonable accommodations, including intermittent leave and periodic breaks when her disability symptoms were particularly severe.

22. Simpson, however, was extremely confrontational and hostile towards Ms. Green's disabilities and need for accommodations. By way of very limited example only, Simpson:

a. Yelled and screamed at Ms. Green when she needed to rest or take a break;

b. Told Ms. Green that "if [she] can't do the job, go on disability" or "don't work here;"

c. Forced Ms. Green to punch out for even momentary breaks of a minute or two;

d. Made demeaning and derogatory comments targeting Ms. Green's disabilities/condition;

e. Issued Ms. Green unwarranted discipline;

f. Subjected Ms. Green to selective scrutiny and hostility.

23. Ms. Green used intermittent FMLA leave when her disabilities would flare up. Simpson routinely made negative comments about Ms. Green's use of FMLA (also a reasonable accommodation) such as "nice of you to show up," "oh you are here today," or other offhand comments and otherwise acted surprised that Ms. Green was at work.

24. Simpson was so hostile towards Ms. Green, that she even went so far as to call Ms. Green a "bitch," threatened that she would "fuck [her] up," and threatened to fight Ms. Green outside. Ms. Green was so scared that she even contacted police to file a police report in case Simpson carried out her violent threats.

25. Similarly, in or about November 2025, Ms. Green returned from a period of intermittent FMLA leave (to treat her aforementioned disabilities). Immediately upon her return, Simpson displayed resentment and animus towards Ms. Green's use of FMLA, even turning violent and assaulting Ms. Green.

26. Specifically, Simpson slammed mop towels into a bucket, causing the metal mop handle to strike Ms. Green in the head. As a result, Ms. Green's nose began bleeding, and she suffered significant injuries and filed an incident report.

27. Simpson has been accused of aggressive and violent management techniques before. Specifically, Simpson was terminated by Temple University as the Assistant Director of Maintenance and Operations immediately prior to working for Defendants. *See Simpson v. Temple University*; Docket No.: 18-2272 (2019)(dismissing a case of FMLA retaliation filed by Simpson as having no legal merit because she was terminated for abusive behavior).

28. In dismissing Simpson's case, the Court explained: (1) Simpson "received warnings" for her negative treatment of subordinates; (2) one employee had filed a complaint that Simpson "berated" and "yelled" at him; (3) another employee had filed a complaint that Simpson operated with a "punitive" management style and sought a transfer to avoid Simpson; (4) a third employee complained that Simpson yelled at her despite not even being under Simpson's supervision and was threatened with an unwarranted terminable offense; (5) Simpson had to be terminated because of her overall abusive behavior towards subordinate employees and continued misconduct after warnings; and (6) there was no causal connection between Simpson's termination and subsequent application for FMLA.

29. Through this lens, it is easy to see why Simpson held Ms. Green's legitimate use of FMLA in such disdain.

30. In the year leading up to her termination, especially towards the second half of 2025, Ms. Green repeatedly told Simpson, on approximately six to seven occasions, that Simpson was targeting and harassing her because of her aforementioned health conditions and need for leave. Simpson would flippantly reply that she did not care what Ms. Green thought.

31. As Simpson made no effort to correct her conduct, Ms. Green also frequently complained to other management (and human resources) about Simpson's mistreatment because of her use of accommodations, need for FMLA leave and/or aforementioned disabilities.

32. However, at no time was anything done to remedy the situation or stop Simpson's harassment of Ms. Green.

33. Toward the last few months of Ms. Green's employment, Simpson's campaign of harassment and retaliation continued to escalate, using any occurrence (no matter how trivial) to discipline or berate Ms. Green, even for tasks outside the essential functions of her ESA position that her disabilities prevented her from safely performing, such as lifting heavy building materials.

34. Upon information and belief, Defendants' management selectively applied policies and terminated Plaintiff while not similarly disciplining or terminating other employees (outside of Plaintiff's protected classes) for engaging in the same or similar conduct Defendants terminated Plaintiff for.

**COUNT I**
**Violations of the ADA**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; [3] Hostile Work Environment; and [4] Failure to Accommodate)**

35. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

36. Plaintiff suffers from qualifying health conditions under the ADA, which at times substantially limited one or more major life activities (as set forth *supra*).

37. Despite Plaintiff's aforementioned health conditions and limitations, she was still qualified and able to perform the essential functions of her position with Defendants.

38. Prior to her pretextual termination, Plaintiff disclosed her aforementioned disabilities/serious medical conditions to Defendants' management and requested accommodations on repeated occasions shortly before Defendants terminated her employment.

39. Defendants' management subjected Plaintiff to severe and/or pervasive harassment because of her disabilities.

40. Defendants' management selectively disciplined Plaintiff, applied policies only as to her, and terminated her while, upon information and belief, not similarly disciplining or terminating non-disabled employees who engaged in the same or similar conduct.

41. Plaintiff therefore avers that her actual/perceived disabilities or record of impairment were a motivating/determinative factor in the termination of her employment with Defendants.

42. Plaintiff avers that Defendants failed to reasonably accommodate her and that she was terminated in retaliation for engaging in protected activity (requesting or utilizing accommodations) under the ADA.

43. Defendants' actions constitute violations of the ADA.

**COUNT II**
**<u>Violations of the Family and Medical Leave Act ("FMLA")</u>**
**(Interference and Retaliation)**

44. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

45. Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(2)(A).

46. Plaintiff had been employed by Defendants for at least twelve months and provided Defendants with appropriate notice of her need for protected leave.

47. During the twelve-month period immediately preceding her use of the FMLA leave at issue, Plaintiff had worked at least 1,250 hours for Defendants.

48. Defendants are engaged in an industry affecting commerce and employ fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or preceding calendar year, pursuant to 29 U.S.C. § 2611(4)(A)(i).

49. Plaintiff was entitled to receive leave pursuant to 29 U.S.C. § 2612(a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

50. Defendants committed interference and retaliation violations of the FMLA by: (1) terminating Plaintiff to prevent her from using FMLA leave; (2) subjecting her to hostility after requesting or utilizing leave; (3) terminating Plaintiff in retaliation for using FMLA qualifying leave; and (4) taking actions toward her that would dissuade a reasonable person from exercising her rights under the FMLA.

51. These actions as aforesaid constitute violations of the FMLA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, overtime, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered unlawful employment practices, retaliation, and discrimination at the hands of Defendants until the date of verdict;

B. Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law(s) asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

C. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including compensatory damages including damages for emotional distress;

D. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorneys fees as provided by applicable federal and state law;

E. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

F. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: ______________________

Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
(215) 639-0801
akarpf@karpf-law.com

Dated: September 4, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Quanda Green | : | CIVIL ACTION |
| v. | : | |
| The Magee Memorial Hospital for Convalescents d/b/a Magee Rehabilitation Hospital, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x )

| | | |
|---|---|---|
| 9/4/2026 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM

Place of Accident, Incident, or Transaction: Defendants place of business

***RELATED CASE IF ANY:*** Case Number:__________ Judge:__________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

***A. Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:__________

**B. *Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):__________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*__________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

[X] Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

[ ] None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

GREEN, QUANDA

**(b)** County of Residence of First Listed Plaintiff: Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

**DEFENDANTS**

THE MAGEE MEMORIAL HOSPITAL FOR CONVALESCENTS D/B/A MAGEE REHABILITATION HOSPITAL, ET AL.

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)* Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☒ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
ADA (42USC12101); FMLA (

Brief description of cause:
Violations of the ADA, FMLA, PHRA and the PFPO.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions)*: JUDGE ____________ DOCKET NUMBER ____________

DATE: 9/4/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______